The Honorable Bruce Hawkins State Representative 211 East Church Morrilton, Arkansas 72110
Dear Representative Hawkins:
This is in response to your request for an opinion on two questions concerning county boards of education, county school supervisors, and A.C.A. 6-12-209.
Your first question is as follows:
 In those counties that have abolished the office of County School Supervisor and passed these duties to the local school district(s), does the County Board of Education continue to exist? (Ark. Code Ann. 6-12-209 and Act 1048 of 1987).
Your question involves a construction of both A.C.A. 6-12-101
et seq., and 6-12-201 et seq. Specifically, the General Assembly, in 6-12-101 of the Arkansas Code Annotated, has created a county board of education in each county to be composed of five members. (But see, 6-12-102 relevant to counties having fewer than five school districts or only one school district). Section 6-12-201 provides that the county board is to employ a person to be "county school supervisor" in the county. Section 6-12-209, however, gives the county board of education the authority to abolish the office of county school supervisor. Specifically, that section provides:
 (a) The county boards of education shall have the power and authority to abolish the office of the county school supervisor in their respective counties.
 (b) If any county board of education so elects to abolish the office of the county school supervisor, then the county board of education shall, at its option, either:
 (1) Employ a secretary with the salary and the level of office expense set by the county board of education to perform all the powers, duties, and responsibilities now vested in and imposed by law on the county school supervisors in the several counties of the state; or
 (2) Authorize all the powers, duties, and responsibilities now vested in and imposed by law on the county school supervisors to be vested in and be discharged by the superintendents of schools of the school districts in the county with such powers and duties to be exercised by such superintendents of schools within the territorial boundaries of their respective school districts.
Thus, this statute gives the county board of education the authority to abolish the office of county school supervisor and either hire a secretary to perform the duties of the county school supervisor, or invest these duties with the respective school superintendents of the districts in the county. Your question is whether, in the latter instance, the county board of education continues to exist. In my opinion, the answer to your question is an unqualified "yes".
The powers and duties of the county boards of education, as well as the powers and duties of the county school supervisors are set out in the statutes. See A.C.A. 6-12-109
and 6-12-205. These duties are not coextensive. The "county school supervisor" is selected and employed by the county board of education, and serves as its executive officer. The county board of education is an entity created by the legislature and it possesses powers and duties distinct from those granted the county school supervisor. Just because the county board of education chooses to abolish the office of county school supervisor and invest those duties in the superintendents does not mean that it is no longer in existence or does not still have duties to perform. See A.C.A. 6-12-109.
Your reference to Act 1048 of 1987 does not warrant a contrary conclusion. That act is an appropriation act, and provides at Section 15 thereof as follows:
 The funds appropriated in Item (04) of Section 1 of this Act for County General Aid shall, except in those instances where a majority of the school boards in the county have voted not to retain the offices and functions of the county supervisor or clerk, be disbursed to the several counties as now provided by law and shall remain in the respective counties and be apportioned on a pro rata basis to the schools or school districts within the county. [Emphasis added.]
The above section of Act 1048 simply contains an incorrect statement of law. A majority of the school boards in the county do not have the authority to vote to abolish the office of county school supervisor. Only the county board of education has this authority. See A.C.A. 6-12-209.
Your second question is as follows:
 If your answer to Question 1 is "yes", can the Board, in any way, be eliminated or abolished" If not, are the duties and responsibilities still the same since the school districts are performing the duties of the Secretary of the Board?
In response to the first part of this question, it is my opinion that the only way the county boards of education can be eliminated or abolished is if the General Assembly chooses to do so. In response to the second part of this question, the duties and responsibilities of the county board of education are those set out in the statutes. See again6-12-109. It should be noted that the school districts are not, as you note, performing the duties of the secretary of the Board, but are performing the duties of the office of county school supervisor, which officer acts as the executive officer of the board, and ex-officio secretary. Again, the duties of the county board of education and those of a county school supervisor are not coextensive.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb